**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
DOUGLAS KINSEY,                                 :

                                                                :   **Document Electronically Filed**

                    Plaintiff,               :

                                                                :   Case No. 1:04-cv-00582-RWS

          v.                                         :

                                                                :   (ECF CASE)

CENDANT CORPORATION, FAIRFIELD     :
RESORTS INC., and FFD DEVELOPMENT     :
COMPANY, L.L.C.,                           :

                                                                :

                                                                :

                  Defendants.           :

                                                                :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION *IN LIMINE***

Samuel Kadet
samuel.kadet@skadden.com
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
Four Times Square
New York, New York 10036-6522
(212) 735-3000

Attorneys for FFD Development Company, L.L.C.

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..................................................................................................... ii

PRELIMINARY STATEMENT .................................................................................................1

ARGUMENT ...............................................................................................................................3

I.   Standard .............................................................................................................................3

II.  Evidence Regarding Mr. Keller and His Options Should be Excluded ............................3

     A.   Evidence Pertaining to Mr. Keller's Options is Irrelevant ......................................3

     B.   Evidence Pertaining to Mr. Keller Would Only Serve To Prejudice Defendant and Mislead the Jury ................................................................................5

III. Kinsey's Purported "Damages" Evidence Should be Excluded ........................................6

     A.   Lost Value of Stock Options Is Measured Against the Value of the Stock That Would Have Been Acquired Had the Options Been Exercised .....................6

     B.   Kinsey's Evidence of Subjective Intent and Later Disposition of Unrelated Stock is Legally Irrelevant Evidence and Should be Excluded .............................8

     C.   The Price At Which Kinsey Alleges He Would Have Disposed of Any Stock Will Only Serve to Confuse the Jury and Prejudice FFD ............................9

CONCLUSION ..........................................................................................................................10

i

## TABLE OF AUTHORITIES

### CASES

Blazine v. Port Authority of N.Y. and N.J., No. 06 Civ. 481 (KNF),
   2008 WL 4539484, at *3 (S.D.N.Y. Oct. 7, 2008) ...................................................3

Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co.,
   No. 93 Civ. 0373(KTD), 2000 WL 204524 (S.D.N.Y. Feb. 18, 2000) .......................8

ESPN, Inc. v. Office of the Comm'r of Baseball,
   76 F. Supp. 2d 416 (S.D.N.Y. 1999) .........................................................................8

Edward Andrews Group Inc. v. Addressing Servs. Co.,
   No. 07 Civ. 4607(AJP), 2008 WL 759337 (S.D.N.Y. Mar. 24, 2008).......................3

Elliot v. Nelson,
   301 F. Supp. 2d 284 (S.D.N.Y. 2004).......................................................................4

Hermanowski v. Acton Corp.,
   580 F. Supp. 140 (E.D.N.Y. 1983) ............................................................................7

Hermanowski v. Acton Corp.,
   729 F.2d 921 (2d Cir. 1984) ......................................................................................6

Kinsey v. Cendant Corp.,
   521 F. Supp. 2d 292 (S.D.N.Y. 2007)................................................................... 1, 5

Litras v. Long Island R.R.,
   226 F. App'x 3133 (2d Cir. 2007) .............................................................................9

Luce v. United States,
   469 U.S. 38 (1984)....................................................................................................3

In re Methyl Tertiary Butyl Ether Prods. Liab. Litig.,
   517 F. Supp. 2d 662 (S.D.N.Y. 2007)................................................................... 3, 8

Onanuga v. Pfizer, Inc.,
   No. 03 Civ. 5405 (CM), 2003 WL 22670842 (S.D.N.Y. Nov. 7, 2003) ....................6

Palmieri v. Defaria,
   88 F.3d 136 (2d Cir.1996).........................................................................................3

Russo v. Banc of Am. Sec., LLC,
    No. 05 Civ. 2922, 2007 WL 1946541 (S.D.N.Y. June 28, 2007) ................................4

Sadler v. Moran Towing Corp.,
    No. 01 Civ.1666 (LAK), 2002 WL 1977604 (S.D.N.Y. Aug. 28, 2002) .....................5

United States v. Beech-Nut Nutrition Corp.,
    871 F.2d 1181 (2d Cir. 1989) ......................................................................................5

United States v. Cartwright,
    411 U.S. 546 (1973).....................................................................................................7

United States v. Mancebo-Santiago,
    875 F. Supp. 1030 (S.D.N.Y. 1995) ............................................................................4

Zoll v. Ruder Finn, Inc.,
    No. 02 Civ. 3652 (CSH), 2004 WL 527056 (S.D.N.Y. March 16, 2004) ................8, 9

**STATUTES**

Fed. R. Evid. 401 ..............................................................................................................3

Fed. R. Evid. 402 ........................................................................................................passim

Fed. R. Evid. 403 ........................................................................................................passim

Defendant FFD Development Company, L.L.C. ("FFD"), the only remaining defendant in this case, respectfully submits this motion in limine pursuant to Federal Rules of Evidence 402 and 403 for an order precluding Plaintiff Douglas Kinsey ("Kinsey") from introducing certain evidence at trial which is legally irrelevant to the issues in this case and would serve only to mislead and confuse the jury.

## PRELIMINARY STATEMENT

As the Court is aware, this case involves certain stock options awarded to Kinsey (the "Options") pursuant to a stock option plan (the "Plan") and related option agreement (the "Option Agreement") in May 1997. As this Court previously ruled, the Options expired on April 1, 2002 and Kinsey did not exercise them prior to their expiration. Kinsey v. Cendant Corp., 521 F. Supp. 2d 292, 302 (S.D.N.Y. 2007). This Court also held that the Options were options to purchase 33,918 shares of Cendant common stock at a "strike," or exercise, price of $8.85 per share. Id. Kinsey claims that he was unaware of the expiration date of the Options because of FFD's purported negligence.

The only remaining issues in Kinsey's affirmative case surround the question of whether Kinsey can prove his negligence claims against FFD.[1] In an effort to confuse the remaining issues and try to engender sympathy for his failure to exercise the Options prior to their expiration date, Kinsey has repeatedly referred to facts regarding Brian Keller, an FFD employee who also held Cendant stock options. While Kinsey alleges and wants to prove that Keller was permitted by Cendant to exercise his stock options shortly after they expired on April 1, 2002, the Court should not entertain ancillary evidence concerning a non-party whose

---

[1] In addition, FFD maintains the affirmative defense of comparative or contributory negligence.

circumstances were different from those of Kinsey and therefore not relevant. Moreover, any facts concerning Keller and his options are utterly irrelevant to Kinsey's negligent misrepresentation and negligence claims -- the only two surviving claims from his ten-count complaint.

Further, in support of the damages Kinsey claims to have suffered, it appears that Kinsey will seek to present at trial the entirely subjective and speculative assertion that, had he known the actual expiration date of the Options (April 1, 2002), he would have: <u>first</u>, exercised the Options prior to that date; <u>second</u>, held the stock he thereby acquired until Cendant's stock price reached $23.75 in the public market; and <u>third</u>, sold the stock at exactly $23.75. (Kinsey Dep. 90:24-91:19.)[2] Kinsey intends to introduce evidence that he sold at $23.75/share other shares of Cendant stock in 2004 that he acquired pursuant to other options (which are not at issue in this case). Based solely on that fact, Kinsey draws the wholly unsupported conclusion that he would have done precisely the same thing with the stock he would have acquired had he timely exercised the Options. (<u>Id.</u> 90:24-93:4; 107:25-108:6.) This so-called "evidence" is inadmissible, in light of case law establishing that the proper way to measure the purported lost value of stock options is at the point in time when the plaintiff would have exercised those options to acquire the underlying shares of stock, not at some later date, chosen at random by the plaintiff, when the stock so acquired would have allegedly been disposed of. As such, Kinsey's evidence in support of his legally flawed damages theory is irrelevant and should be excluded pursuant to Federal Rule of Evidence 402. Further, the facts regarding Kinsey's disposal of other shares of Cendant stock unrelated to this matter have no bearing on any alleged damages in this

---

[2]   Kinsey's deposition transcript is attached to the Declaration of Samuel Kadet in Support of Defendant FFD's Motion <u>In Limine</u>, filed herewith, as Exhibit 1.

2

case and would only serve to confuse the jury and prejudice FFD; therefore it should be excluded under Federal Rule of Evidence 403.

## ARGUMENT

### I. Standard

A district court's inherent authority to manage trials encompasses the fundamental right to rule on pre-trial motions in limine. See Luce v. United States, 469 U.S. 38, 41 n.4 (1984). Indeed, "[t]he purpose of an in limine motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996) (citation omitted). Because a motion in limine may "'narrow the issues, shorten the trial, and save costs for the litigants,'" courts encourage the use of motions in limine wherever appropriate. See In re Methyl Tertiary Butyl Ether Prods. Liab. Litig., 517 F. Supp. 2d 662, 667 n.18 (S.D.N.Y. 2007) (citing 75 Am. Jur. 2d Trial § 98 (2007)).

### II. Evidence Regarding Mr. Keller and His Options Should be Excluded

#### A. Evidence Pertaining to Mr. Keller's Options is Irrelevant

Under Federal Rule of Evidence 402, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402. Rule 401 defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. It is axiomatic that facts that are not relevant to any element of an alleged claim do not fall within the ambit of Rule 401 and must accordingly be excluded as irrelevant. See Blazina v. Port Authority of N.Y. and N.J., No. 06 Civ. 481 (KNF), 2008 WL 4539484, at *3 (S.D.N.Y. Oct. 7, 2008) (excluding as irrelevant proffered evidence which had no bearing on the underlying

3

legal issues in the case); Edward Andrews Group Inc. v. Addressing Servs. Co.., No. 07 Civ. 4607(AJP), 2008 WL 759337, at *2 (S.D.N.Y. Mar. 24, 2008) (granting motion in limine where evidence regarding certain services performed was not relevant to plaintiff's unjust enrichment claim); United States v. Mancebo-Santiago, 875 F. Supp. 1030, 1033 (S.D.N.Y. 1995) (granting motion in limine where defendant's mental state was irrelevant to establish a claim for illegal reentry into the United States after arrest and deportation).

Here, the fact that Mr. Keller was purportedly allowed to exercise the options he was granted under the Plan shortly after their expiration date is completely irrelevant to any of Kinsey's surviving claims. "'Under New York law, the elements for a negligent misrepresentation claim are that (1) the defendant had a duty, as a result of a special relationship, to give correct information; (2) the defendant made a false representation that he or she should have known was incorrect; (3) the information supplied in the representation was known by the defendant to be desired by the plaintiff for a serious purpose; (4) the plaintiff intended to rely and act upon it; and (5) the plaintiff reasonably relied on it to his or her detriment.'" See Elliot v. Nelson, 301 F. Supp. 2d 284, 287 (S.D.N.Y. 2004) (quoting Hydro Investors v. Trafalgar Power, Inc., 227 F.3d 20-21 (2d Cir. 2000)). To maintain a claim for negligence, a plaintiff must establish that defendant owed him a cognizable duty of care, that defendant breached that duty, and that plaintiff suffered damage as a result. Russo v. Banc of Am. Sec., LLC, No. 05 Civ. 2922, 2007 WL 1946541, at *7 (S.D.N.Y. June 28, 2007).

The allegation that an unrelated third party (Keller) with different circumstances was permitted by another third party (Cendant) to exercise options while Kinsey was not, is irrelevant to any of the elements of Kinsey's remaining claims. Indeed, this Court already has noted that such information pertaining to "a single, different employee," which Kinsey

4

previously attempted to use to show a "'course of conduct,'" was "inadmissible extrinsic evidence that as a matter of law is insufficient to alter the terms of the Plan . . . ." Kinsey, 521 F. Supp. 2d at 305. Kinsey may suggest that these facts are relevant because he relied on Keller's experience and therefore believed that he, too, should be able to exercise his Options at some point after their expiration. However, there is no indication in the record that Kinsey was aware of -- let alone relied on -- Keller's disposition of his options. In fact, Kinsey did not even learn of what happened in respect of Keller's options until 2003, nearly one year after Kinsey's Options had expired. (Kinsey Dep. at 261:4 – 263:7.) Accordingly, Kinsey should not be allowed to introduce any evidence pertaining to Keller, as those facts are not relevant to the remaining claims in this case.

### B.    Evidence Pertaining to Mr. Keller Would Only Serve To Prejudice Defendant and Mislead the Jury

Even if there were some conceivable relevance to the evidence relating to Keller -- which FFD maintain there is not -- that evidence should be excluded for the additional reason that its introduction is designed solely to elicit the jury's sympathy in an inappropriate effort to excuse Kinsey from his own negligence in failing timely to exercise the Options. Under Federal Rule of Evidence 403, the trial court has "broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues . . . ." United States v. Beech-Nut Nutrition Corp., 871 F.2d 1181, 1193 (2d Cir. 1989). Further, the Court will exclude such evidence if it has "an undue tendency to suggest decision on an improper basis " or if it "merely wast[es] time." Fed. R. Evid. 403, advisory committee's notes; see also Sadler v. Moran Towing Corp., No. 01 Civ. 1666 (LAK), 2002 WL 1977604, *1 (S.D.N.Y. Aug. 28, 2002) (granting motion in limine excluding evidence of internal bookkeeping of payments made by defendant to plaintiff since the evidence "would be of doubtful relevance, would be

5

confusing, misleading, and would suggest, improperly, a willingness on defendants' part to settle the liability claim."). Allowing Kinsey to introduce evidence regarding Keller and his options would undoubtedly result in a mini-trial within a trial regarding the facts and circumstances of Keller's options and exercise thereof. The facts surrounding Keller's stock options and his exercise of those options are unconnected to any of the elements which Kinsey must establish in order to prevail at trial, would serve to mislead and prejudice the jury, and should therefore be excluded.

### III.     Kinsey's Purported "Damages" Evidence Should be Excluded

####     A.     Lost Value of Stock Options Is Measured Against the Value of the Stock That Would Have Been Acquired Had the Options Been Exercised

Kinsey also attempts to include improper damages evidence, which should be excluded under Federal Rule of Evidence 402 as irrelevant. The proper measure of damages for the lost value of stock options is the difference between the market value of the stock at the time the options would have been exercised and the option "strike" price. Hermanowski v. Acton Corp., 729 F.2d 921, 922 (2d Cir. 1984) (affirming lower court holding that, in a case involving lost value of options, plaintiff's recovery must be based on the difference between the market value of the stock and the option price, at the point in time when plaintiff attempted to exercise those options and was prevented from doing so by defendant); see also, e.g., Onanuga v. Pfizer, Inc., No. 03 Civ. 5405 (CM), 2003 WL 22670842, at *5 (S.D.N.Y. Nov. 7, 2003). While FFD maintains that there is no support for Kinsey's negligence claims, should the jury find for Kinsey on liability, the proper measure of damages would be the difference between the market value of Cendant stock at the point in time when Kinsey would have exercised his right to purchase that stock pursuant to the Options and the "strike price" (here, the strike price was $8.85 per share).

Kinsey has conceded that he does not know when prior to April 1, 2002 he would have exercised the Options, had he verified the expiration date; therefore he has no evidence of the market value of Cendant's stock at the point in time when he would have exercised the Options and acquired the stock. (Kinsey Dep. 95:18-23.) There is no dispute, however, that the Options expired on April 1, 2002 and that Kinsey claims that he received incorrect advice from Greg Bendlin regarding the expiration date on or about August 14, 2001. (Kinsey Dep. at 168:23-169:12; 170:9-11.) The average price of Cendant's stock during the time period August 14, 2001 through April 1, 2002 was $16.82/share.[3] This represents the best value for purposes of calculating damages under the legally relevant test, namely: the market value of the stock at time of exercise *minus* the Option "strike" price. See United States v. Cartwright, 411 U.S. 546, 551 (1973) (price of stock on a date is determined by "the mean between the highest and lowest quoted selling prices"); Hermanowski v. Acton Corp., 580 F. Supp. 140, 146 (E.D.N.Y. 1983) (same), aff'd in part, 729 F.2d 921 (2d Cir. 1984).

Ignoring this straightforward measure of damages, Kinsey purports to base his damages theory on Cendant's stock price at some point in 2004 when the stock traded at $23.75/share, close to the highest price in years, and when, he claims, he would have disposed of any shares he would have acquired through timely exercise of the Options. (Kinsey Dep. 90:24-91:11; 92:20-93:3; 94:23-95:23; 107:25-108:6.)[4] Kinsey would like to offer evidence that he

---

[3]   Cendant Corp.'s Stock Price Between August 14, 2001 and April 1, 2002 is attached hereto as Attachment A.

[4]   Kinsey alleges that the lost value of the Options is supposedly "the value of options on 33,918 Cendant shares of $8.85, with a stock price of $23.75." See Plaintiff's Supplemental Initial Disclosures Under Federal Rules of Civil Procedure 26(a). As Kinsey's deposition testimony made clear, $23.75 is not the price at which Kinsey would have exercised the Options, but the price at which he claims that he would have later

sold other Cendant stock he had acquired (through exercising other options unrelated to this case) at that time and price to support the conclusion that he would have sold *any and all* stock he would have acquired through exercising the Options at that same time and at that same price. (Kinsey Dep. 91:7-11; see also id. 107:25-108:6.)  Kinsey's theory flies in the face of the established case law, and he offers no explanation or support for why his subjective views and speculation are relevant to a legally viable method of calculating damages.

### B. Kinsey's Evidence of Subjective Intent and Later Disposition of Unrelated Stock is Legally Irrelevant Evidence and Should be Excluded

Courts have not hesitated to limit or preclude evidence of damages through a motion in limine where the evidence would be irrelevant to the proper measure of damages under the law.  See In re Methyl Tertiary, 517 F. Supp. 2d at 667 & n.19 (granting motion in limine precluding evidence related to punitive damages where that was not a legally available remedy); Zoll v. Ruder Finn, Inc., No. 02 Civ. 3652 (CSH), 2004 WL 527056, at *4 (S.D.N.Y. March 16, 2004) (excluding damages evidence that had no relevance to available remedy); Boosey & Hawkes Music Publishers, Ltd. v. Walt Disney Co., No. 93 Civ. 0373(KTD), 2000 WL 204524, *3 (S.D.N.Y. Feb. 18, 2000) (granting motion in limine to preclude evidence of "moral rights damages" because plaintiff had no standing to assert such damages); ESPN, Inc. v. Office of the Comm'r of Baseball, 76 F. Supp. 2d 416, 418 (S.D.N.Y. 1999) (granting motion in limine to limit all evidence of damages except nominal damages because under New York law unsupported allegations cannot sustain a claim for damages).  Likewise, here, because Kinsey's purported "damages" evidence is irrelevant to any legally proper measure of damages, it should be excluded.

---

disposed of any stock he would have acquired.  (Kinsey Dep. 91:7-11; 94:23-95:23;107:25-108:6.)

### C. The Price At Which Kinsey Alleges He Would Have Disposed of Any Stock Will Only Serve to Confuse the Jury and Prejudice FFD

Here, even if Kinsey's speculation regarding his alleged damages is found to be relevant (which Defendant believes it is not), such evidence should be excluded under Federal Rule of Evidence Rule 403. As explained above, this evidence cannot support a legal cognizable theory for Kinsey's alleged damages and thus the jury's use of this evidence as the basis of an award would be inherently improper and prejudicial to FFD. Further, any other purpose served by this evidence is outweighed by its tendency to confuse an otherwise straightforward method for calculating damages. See, e.g., Zoll, 2004 WL 527056, at *4-5 (excluding subjective evidence that was unconnected to the proper damages analysis in the case because "[i]nforming the jury [about the challenged evidence] carries the unacceptable risk of misleading the jury into thinking that [the evidence] ha[s] some connection to the amount that should be awarded for Plaintiff's [injury], when in fact no such connection could exist."); see also Litras v. Long Island R.R, 226 F. App'x 31,33 (2d Cir. 2007) (affirming grant of motion in limine under Rule 403 which precluded certain damages evidence given that evidence offered had little probative value and the risk of "confusion on collateral issues" was "appreciable").

## **CONCLUSION**

For all of the foregoing reasons, Defendant's motion in limine should be granted.

Dated: October 20, 2008
      New York, New York

                          Respectfully submitted,

                          SKADDEN, ARPS, SLATE,
                           MEAGHER & FLOM LLP

By:  /s/ Samuel Kadet
     Samuel Kadet (SK-1856)
     Four Times Square
     New York, New York 10036-6522
     (212) 735-3000

     Attorneys for Defendant FFD Development
     Company, L.L.C.

# Attachment A

**Attachment A: Cendant Corp.'s Stock Price Between August 14, 2001 and April 1, 2002[1]**

| Date | Open | High | Low | Close | Volume | Adj. Close* |
|---|---|---|---|---|---|---|
| 1-Apr-02 | 18.65 | 19.16 | 18.65 | 19.02 | 7172500 | 17.54 |
| 28-Mar-02 | 19.05 | 19.54 | 19.04 | 19.2 | 6298700 | 17.7 |
| 27-Mar-02 | 19.14 | 19.52 | 19.02 | 19.11 | 6404500 | 17.62 |
| 26-Mar-02 | 19.05 | 19.49 | 18.8 | 19.15 | 5389400 | 17.66 |
| 25-Mar-02 | 19.8 | 19.85 | 19.12 | 19.16 | 4784600 | 17.66 |
| 22-Mar-02 | 19.53 | 19.93 | 19.38 | 19.85 | 6182800 | 18.3 |
| 21-Mar-02 | 19.8 | 19.97 | 19.18 | 19.52 | 5501300 | 18 |
| 20-Mar-02 | 19.9 | 20.15 | 19.76 | 19.91 | 7711300 | 18.36 |
| 19-Mar-02 | 19.27 | 20 | 19.27 | 19.99 | 12926500 | 18.43 |
| 18-Mar-02 | 19.06 | 19.35 | 19.02 | 19.25 | 6522800 | 17.75 |
| 15-Mar-02 | 18.74 | 18.99 | 18.69 | 18.86 | 5957500 | 17.39 |
| 14-Mar-02 | 18.25 | 18.75 | 18.21 | 18.69 | 4766600 | 17.23 |
| 13-Mar-02 | 18.36 | 18.36 | 18.1 | 18.24 | 4437400 | 16.82 |
| 12-Mar-02 | 18.25 | 18.5 | 18.1 | 18.44 | 5770400 | 17 |
| 11-Mar-02 | 18.5 | 18.55 | 18.1 | 18.44 | 4081600 | 17 |
| 8-Mar-02 | 18.5 | 18.75 | 18.41 | 18.49 | 4976100 | 17.05 |
| 7-Mar-02 | 18.95 | 19 | 18.05 | 18.36 | 8053400 | 16.93 |
| 6-Mar-02 | 18.4 | 18.98 | 18.36 | 18.79 | 6234300 | 17.32 |
| 5-Mar-02 | 18.3 | 18.62 | 17.98 | 18.46 | 6277100 | 17.02 |
| 4-Mar-02 | 18.22 | 18.56 | 18.06 | 18.3 | 7131200 | 16.87 |
| 1-Mar-02 | 17.75 | 18.32 | 17.68 | 18.23 | 8337000 | 16.81 |
| 28-Feb-02 | 17.65 | 17.9 | 17.35 | 17.41 | 8589300 | 16.05 |
| 27-Feb-02 | 16.8 | 17.6 | 16.7 | 17.51 | 11443700 | 16.14 |
| 26-Feb-02 | 16.13 | 16.63 | 16.01 | 16.59 | 7057400 | 15.3 |
| 25-Feb-02 | 15.51 | 16.17 | 15.51 | 15.98 | 7859800 | 14.73 |
| 22-Feb-02 | 15.55 | 15.87 | 15.45 | 15.68 | 3980200 | 14.46 |
| 21-Feb-02 | 15.41 | 16.05 | 15.41 | 15.75 | 5806200 | 14.52 |
| 20-Feb-02 | 15.67 | 16.18 | 15.55 | 16.16 | 10822000 | 14.9 |
| 19-Feb-02 | 16.24 | 16.34 | 15.65 | 15.66 | 4123200 | 14.44 |
| 15-Feb-02 | 16.3 | 16.57 | 16.04 | 16.14 | 4416000 | 14.88 |
| 14-Feb-02 | 16.55 | 16.98 | 16.39 | 16.48 | 4994700 | 15.19 |
| 13-Feb-02 | 16.35 | 16.75 | 16.33 | 16.55 | 4687400 | 15.26 |
| 12-Feb-02 | 16.77 | 16.77 | 16.26 | 16.27 | 5040600 | 15 |
| 11-Feb-02 | 16.42 | 16.85 | 16.1 | 16.74 | 7110100 | 15.43 |
| 8-Feb-02 | 16.2 | 16.63 | 16.08 | 16.52 | 5326100 | 15.23 |
| 7-Feb-02 | 15.75 | 16.23 | 15.21 | 16.02 | 13637400 | 14.77 |
| 6-Feb-02 | 15.75 | 15.97 | 14.86 | 15.57 | 9939400 | 14.35 |
| 5-Feb-02 | 15.65 | 16.08 | 15.05 | 15.35 | 11246300 | 14.15 |
| 4-Feb-02 | 16.25 | 16.3 | 15.55 | 15.88 | 12235300 | 14.64 |
| 31-Jan-02 | 16.42 | 17.48 | 16.25 | 17.48 | 17474100 | 16.12 |
| 30-Jan-02 | 15.51 | 16.25 | 14.17 | 16.05 | 47558500 | 14.8 |
| 29-Jan-02 | 18.05 | 18.12 | 15.24 | 16.52 | 53803200 | 15.23 |
| 28-Jan-02 | 18.5 | 18.69 | 18.17 | 18.35 | 8662400 | 16.92 |
| 25-Jan-02 | 19.02 | 19.05 | 18.38 | 18.45 | 7487300 | 17.01 |
| 24-Jan-02 | 19.17 | 19.3 | 18.8 | 18.87 | 7815500 | 17.4 |
| 23-Jan-02 | 19.48 | 19.49 | 19.01 | 19.2 | 4577700 | 17.7 |
| 22-Jan-02 | 19.38 | 19.55 | 19.2 | 19.48 | 5734500 | 17.96 |
| 18-Jan-02 | 19.2 | 19.32 | 19 | 19.05 | 3993300 | 17.56 |
| 17-Jan-02 | 19 | 19.25 | 19 | 19.22 | 5410300 | 17.72 |
| 16-Jan-02 | 18.98 | 19.24 | 18.86 | 19.01 | 4226300 | 17.53 |
| 15-Jan-02 | 18.94 | 19.12 | 18.89 | 18.98 | 4657800 | 17.5 |

---

[1] Source: Yahoo Finance; the average price for Cendant Corp. stock for the period between August 14, 2001 and April 1, 2002 was $16.82/share.

| Date | Open | High | Low | Close | Volume | Adj Close |
|---|---|---|---|---|---|---|
| 14-Jan-02 | 19 | 19.02 | 18.76 | 18.88 | 4870200 | 17.41 |
| 11-Jan-02 | 19.24 | 19.25 | 18.95 | 19.15 | 5917000 | 17.66 |
| 10-Jan-02 | 19.05 | 19.29 | 18.72 | 19.24 | 7832800 | 17.74 |
| 9-Jan-02 | 18.75 | 19.23 | 18.7 | 19.05 | 6854600 | 17.56 |
| 8-Jan-02 | 18.91 | 18.99 | 18.6 | 18.7 | 4528400 | 17.24 |
| 7-Jan-02 | 19.22 | 19.26 | 18.93 | 19.04 | 3770000 | 17.55 |
| 4-Jan-02 | 19.2 | 19.26 | 18.92 | 19.12 | 5830500 | 17.63 |
| 3-Jan-02 | 19.05 | 19.29 | 18.89 | 19.17 | 8233600 | 17.67 |
| 2-Jan-02 | 19.5 | 19.58 | 19 | 19.3 | 5585400 | 17.79 |
| 31-Dec-01 | 19.77 | 20 | 19.61 | 19.61 | 6051200 | 18.08 |
| 28-Dec-01 | 19.49 | 19.84 | 19.4 | 19.81 | 3593400 | 18.26 |
| 27-Dec-01 | 19 | 19.5 | 18.95 | 19.49 | 4094400 | 17.97 |
| 26-Dec-01 | 18.98 | 19.15 | 18.72 | 19.09 | 6070100 | 17.6 |
| 24-Dec-01 | 19.25 | 19.45 | 18.96 | 18.99 | 5603000 | 17.51 |
| 21-Dec-01 | 19.95 | 19.96 | 19.33 | 19.6 | 6888300 | 18.07 |
| 20-Dec-01 | 19.55 | 19.78 | 19.4 | 19.45 | 4976800 | 17.93 |
| 19-Dec-01 | 19.35 | 19.86 | 19.32 | 19.45 | 8423300 | 17.93 |
| 18-Dec-01 | 19.3 | 19.58 | 19.22 | 19.5 | 9841900 | 17.98 |
| 17-Dec-01 | 18.7 | 19.45 | 18.65 | 19.05 | 7299500 | 17.56 |
| 14-Dec-01 | 18.63 | 18.83 | 18.4 | 18.74 | 5189000 | 17.28 |
| 13-Dec-01 | 19 | 19.01 | 18.55 | 18.73 | 6256800 | 17.27 |
| 12-Dec-01 | 18.99 | 19.45 | 18.84 | 19.11 | 13082500 | 17.62 |
| 11-Dec-01 | 18.71 | 19.12 | 18.55 | 18.82 | 7690300 | 17.35 |
| 10-Dec-01 | 18.83 | 18.98 | 18.45 | 18.61 | 7419100 | 17.16 |
| 7-Dec-01 | 18.6 | 19.05 | 18.35 | 18.85 | 14590400 | 17.38 |
| 6-Dec-01 | 17.87 | 18.59 | 17.82 | 18.3 | 13827700 | 16.87 |
| 5-Dec-01 | 17.7 | 17.9 | 17.57 | 17.79 | 13932200 | 16.4 |
| 4-Dec-01 | 16.96 | 17.49 | 16.9 | 17.35 | 8223200 | 16 |
| 3-Dec-01 | 17.04 | 17.25 | 16.52 | 16.96 | 9649000 | 15.64 |
| 30-Nov-01 | 16.6 | 17.22 | 16.53 | 17.04 | 17565300 | 15.71 |
| 29-Nov-01 | 16.35 | 16.73 | 16.32 | 16.6 | 9179500 | 15.3 |
| 28-Nov-01 | 16.5 | 16.56 | 16.26 | 16.35 | 7729700 | 15.07 |
| 27-Nov-01 | 16.35 | 16.58 | 16.15 | 16.36 | 10570800 | 15.08 |
| 26-Nov-01 | 16.15 | 16.42 | 16.07 | 16.35 | 7098600 | 15.07 |
| 23-Nov-01 | 16.13 | 16.2 | 15.91 | 16.15 | 1579600 | 14.89 |
| 21-Nov-01 | 15.9 | 16 | 15.56 | 16 | 5606600 | 14.75 |
| 20-Nov-01 | 15.55 | 16.01 | 15.51 | 15.72 | 11727000 | 14.49 |
| 19-Nov-01 | 16.25 | 16.5 | 15.85 | 16.25 | 5733000 | 14.98 |
| 16-Nov-01 | 16.09 | 16.45 | 15.95 | 16.15 | 13661600 | 14.89 |
| 15-Nov-01 | 14.85 | 15.96 | 14.7 | 15.73 | 17233900 | 14.5 |
| 14-Nov-01 | 14.28 | 15.04 | 14.26 | 14.84 | 11374100 | 13.68 |
| 13-Nov-01 | 13.9 | 14.15 | 13.89 | 14.1 | 4921500 | 13 |
| 12-Nov-01 | 14.16 | 14.16 | 13.26 | 13.87 | 11445900 | 12.79 |
| 9-Nov-01 | 14.17 | 14.7 | 14.17 | 14.55 | 8746000 | 13.41 |
| 8-Nov-01 | 14 | 14.44 | 13.95 | 14.15 | 8038800 | 13.05 |
| 7-Nov-01 | 13.85 | 13.99 | 13.78 | 13.94 | 6089700 | 12.85 |
| 6-Nov-01 | 13.85 | 13.98 | 13.67 | 13.85 | 7516200 | 12.77 |
| 5-Nov-01 | 13.46 | 13.94 | 13.4 | 13.77 | 6525000 | 12.7 |
| 2-Nov-01 | 13.37 | 13.46 | 13.02 | 13.46 | 3384900 | 12.41 |
| 1-Nov-01 | 13 | 13.48 | 12.8 | 13.37 | 5782300 | 12.33 |
| 31-Oct-01 | 13 | 13.14 | 12.63 | 12.96 | 5248200 | 11.95 |
| 30-Oct-01 | 13.31 | 13.45 | 12.83 | 12.89 | 6207500 | 11.88 |

| Date | Open | High | Low | Close | Volume | Adj Close |
|---|---|---|---|---|---|---|
| 29-Oct-01 | 13.6 | 13.95 | 13.25 | 13.41 | 4424600 | 12.36 |
| 26-Oct-01 | 13.59 | 14.04 | 13.53 | 13.85 | 5387500 | 12.77 |
| 25-Oct-01 | 13.55 | 13.71 | 13.28 | 13.6 | 7059700 | 12.54 |
| 24-Oct-01 | 14.5 | 14.55 | 13.31 | 13.75 | 12459500 | 12.68 |
| 23-Oct-01 | 13.45 | 14.01 | 13.45 | 13.81 | 8353600 | 12.73 |
| 22-Oct-01 | 13.14 | 13.62 | 13.1 | 13.45 | 4971500 | 12.4 |
| 19-Oct-01 | 13.03 | 13.22 | 12.86 | 13.14 | 5498900 | 12.11 |
| 18-Oct-01 | 12.85 | 13.1 | 12.56 | 13.03 | 5686500 | 12.01 |
| 17-Oct-01 | 13.55 | 13.55 | 12.77 | 12.85 | 8460300 | 11.85 |
| 16-Oct-01 | 13.35 | 13.44 | 12.83 | 13.05 | 8949700 | 12.03 |
| 15-Oct-01 | 13.4 | 13.54 | 12.95 | 13.05 | 8779300 | 12.03 |
| 12-Oct-01 | 13.35 | 13.7 | 13.15 | 13.63 | 6638900 | 12.57 |
| 11-Oct-01 | 12.98 | 13.8 | 12.74 | 13.65 | 14763600 | 12.58 |
| 10-Oct-01 | 12.01 | 12.58 | 12.01 | 12.48 | 4936500 | 11.51 |
| 9-Oct-01 | 12.39 | 12.45 | 11.92 | 12.04 | 8557100 | 11.1 |
| 8-Oct-01 | 12.9 | 12.9 | 11.88 | 12.15 | 10179600 | 11.2 |
| 5-Oct-01 | 13.17 | 13.2 | 12.52 | 13 | 6676700 | 11.99 |
| 4-Oct-01 | 13.25 | 13.28 | 12.9 | 13.17 | 11398300 | 12.14 |
| 3-Oct-01 | 12.54 | 13.15 | 12.35 | 12.9 | 15371100 | 11.89 |
| 2-Oct-01 | 12.45 | 12.65 | 11.81 | 12.18 | 14271200 | 11.23 |
| 1-Oct-01 | 12.8 | 12.94 | 12.5 | 12.67 | 11388800 | 11.68 |
| 28-Sep-01 | 12 | 13.08 | 12 | 12.8 | 27054100 | 11.8 |
| 27-Sep-01 | 11.6 | 11.75 | 11.06 | 11.44 | 12646800 | 10.55 |
| 26-Sep-01 | 12.05 | 12.09 | 11.45 | 11.59 | 9870600 | 10.69 |
| 25-Sep-01 | 11.7 | 12.25 | 11.3 | 12.15 | 11414900 | 11.2 |
| 24-Sep-01 | 11.5 | 12.86 | 11.3 | 11.54 | 19876200 | 10.64 |
| 21-Sep-01 | 11 | 11.69 | 10.6 | 11.03 | 13612500 | 10.17 |
| 20-Sep-01 | 11.9 | 11.99 | 11.25 | 11.69 | 22281700 | 10.78 |
| 19-Sep-01 | 13.9 | 14.09 | 12.2 | 12.5 | 24213100 | 11.52 |
| 18-Sep-01 | 13.9 | 14.6 | 13.75 | 13.9 | 13901000 | 12.82 |
| 17-Sep-01 | 13.03 | 18 | 12.91 | 14.4 | 38082100 | 13.28 |
| 10-Sep-01 | 17.25 | 17.89 | 17.13 | 17.76 | 8363000 | 16.37 |
| 7-Sep-01 | 18.02 | 18.15 | 17.07 | 17.5 | 12213800 | 16.13 |
| 6-Sep-01 | 18.2 | 18.59 | 18.19 | 18.26 | 5682000 | 16.83 |
| 5-Sep-01 | 18.87 | 18.97 | 18.33 | 18.6 | 8263500 | 17.15 |
| 4-Sep-01 | 19.25 | 19.25 | 18.81 | 18.87 | 3078700 | 17.4 |
| 31-Aug-01 | 18.92 | 19.24 | 18.7 | 19.07 | 4232100 | 17.58 |
| 30-Aug-01 | 19.12 | 19.4 | 18.51 | 19.05 | 6969100 | 17.56 |
| 29-Aug-01 | 19.69 | 19.87 | 19.3 | 19.35 | 3437500 | 17.84 |
| 28-Aug-01 | 19.91 | 19.99 | 19.54 | 19.7 | 5792900 | 18.16 |
| 27-Aug-01 | 20.61 | 20.61 | 20.07 | 20.12 | 3499300 | 18.55 |
| 24-Aug-01 | 20.77 | 20.8 | 20.55 | 20.61 | 5322600 | 19 |
| 23-Aug-01 | 20.38 | 20.8 | 20.3 | 20.77 | 6597400 | 19.15 |
| 22-Aug-01 | 20.56 | 20.63 | 20 | 20.38 | 4605600 | 18.79 |
| 21-Aug-01 | 20.1 | 20.66 | 19.97 | 20.52 | 10801000 | 18.92 |
| 20-Aug-01 | 20.04 | 20.04 | 19.75 | 20.03 | 4125400 | 18.47 |
| 17-Aug-01 | 20.15 | 20.16 | 19.96 | 20.04 | 9999200 | 18.48 |
| 16-Aug-01 | 20.25 | 20.35 | 20.1 | 20.15 | 6422700 | 18.58 |
| 15-Aug-01 | 19.95 | 20.32 | 19.9 | 20.31 | 6813600 | 18.72 |
| 14-Aug-01 | 19.7 | 20.15 | 19.67 | 19.95 | 7149700 | 18.39 |