CROWELL & MORING LLP
Jeffrey W. Pagano (JP 1408)
Ira M. Saxe (IS 6051)
153 East 53rd Street, 31st Floor
New York, New York 10022
(212) 223-4000
(212) 223-4134 (fax)

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------x
:
**DOUGLAS KINSEY,**                    :
                                       :   **Document Electronically Filed**
           Plaintiff,                  :
                                       :   Case No.  04 CV 00582 RWS
     v.                                :
                                       :
                                       :
**CENDANT CORPORATION,**               :
**FAIRFIELD RESORTS INC.,  AND**       :
**FFD DEVELOPMENT COMPANY, L.L.C.,**   :
                                       :
           Defendants.                 :
---------------------------------------x

**PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS
MOTION IN LIMINE MEMORANDUM TO EXCLUDE EVIDENCE**

**TABLE OF CONTENTS**

**PAGE**

TABLE OF AUTHORITIES ................................................................................................ ii

I. PRELIMINARY STATEMENT ................................................................................ 1

II. KINSEY'S EMPLOYMENT WITH OR COMPENSATION AT BLUEGREEN CORPORATION, LONG AFTER FFD'S NEGLIGENCE AND NEGLIGENT MISREPRESENTATIONS, HAVE ABSOLUTELY NO RELEVANCE ................................................................................................ 2

III. THE EVIDENCE SOUGHT TO BE EXCLUDED IS UNFAIRLY PREJUDICIAL TO PLAINTIFF, REGARDLESS OF DEFENDANT'S STATED INTENTIONS REGARDING ITS PURPOSES ............................................. 5

IV. CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**PAGE**

## CASES

AHT Corp. v. Moses,
132 Fed. Appx. 17 (2d Cir. 2005) ........................................................................ 2

Berman Enters. v. Local 333,
644 F.2d 930 (2d Cir. 1981)................................................................................ 6

Bower v. Weisman,
674 F.Supp. 113 (S.D.N.Y. 1987)........................................................................ 6

JP Morgan Chase Bank v. Winnick,
350 F.Supp.2d 393 (S.D.N.Y. 2004) ..................................................................... 3

PPI Enterprises (U.S.), Inc. v. Del Monte Foods Co.,
No. 99 Civ. 3794 (BSJ), 2003 WL 22118977 (S.D.N.Y Sept. 11, 2003) .............. 2

United States v. Guttenberg,
No. 07 CR 141 (DAB), 2007 WL 4115810 (S.D.N.Y. Nov. 14, 2007)................. 6

Plaintiff Douglas Kinsey ("Kinsey" or "Plaintiff") respectfully submits this Reply Memorandum in further support of his Motion in Limine to exclude the introduction and use at trial, by Defendant FFD Development Company, L.L.C. ("FFD" or "Defendant"), of evidence of his employment and compensation status with a subsequent employer, Bluegreen Corporation ("Bluegreen") well after the operative events of this lawsuit ("Plaintiff's Motion").

I.

**PRELIMINARY STATEMENT**

Kinsey's claims for negligent misrepresentation and negligence assert Defendant's false representations relating to the exercise period of his stock options, and Defendant's failure to provide him with accurate information in connection therewith. Kinsey's subsequent negotiations for employment, employment or compensation, over a year after the operative events in this action, have no bearing whatsoever on the reasonableness of his reliance on the challenged misrepresentations. Despite Defendant's protestations in its Memorandum of Law in Opposition to Plaintiff's Motion in Limine to Exclude Evidence ("Def. Mem.") that it does not intend to use the challenged evidence to invoke economic prejudice on the part of the jury against Kinsey, that is exactly what is likely to occur if this irrelevant and unfairly prejudicial evidence is admitted.

For these reasons, as set forth in greater detail herein and in Plaintiff's Motion, Kinsey respectfully requests that the Court exclude any documentary or testimonial evidence sought to be introduced by Defendant regarding Plaintiff's compensation from, or the circumstances surrounding his subsequent employment with, Bluegreen.

## II.

## KINSEY'S EMPLOYMENT WITH OR COMPENSATION AT BLUEGREEN CORPORATION, LONG AFTER FFD'S NEGLIGENCE AND NEGLIGENT MISREPRESENTATIONS, HAVE ABSOLUTELY NO RELEVANCE

Defendant contends that evidence relating to Kinsey's subsequent employment with Bluegreen, the high level of compensation that he received in connection therewith, and the negotiations relating to the compensation are somehow relevant to Kinsey's claims and the defenses thereto.  But Defendant's culpable conduct took place during the period of July 2001 through April 1, 2002.  The negotiations relating to Kinsey's employment, and his subsequent employment with Bluegreen, occurred in early 2003.  Thus, they have no bearing on his "level of sophistication," and thus the reasonableness of his reliance, during the relevant period.

FFD does not advance any reasonable arguments in support of the relevance of the evidence sought to be excluded.  It contends that "a party's sophistication must be examined in determining whether his or her reliance on a purported representation is reasonable."  (Def. Mem. p. 2).  In support of this argument, they proffer case law to support the proposition that a "sophisticated party" must be held to a higher level of scrutiny in relation to the "reasonableness of his of her purported reliance and is under a duty to confirm representations using available sources."  Id. at p. 3.[1]

Defendant's proposition might be appropriately raised in opposition to a motion to exclude relevant evidence of Kinsey's level of business sophistication at the time of his

---

[1] Notwithstanding Defendant's misleading reference to "his or her," two of its cited cases identify companies, not individuals, as the "sophisticated party."  See Def. Mem. p. 3, citing PPI Enterprises (U.S.), Inc. v. Del Monte Foods Co., No. 99 Civ. 3794 (BSJ), 2003 WL 22118977, *21 (S.D.N.Y Sept. 11, 2003) (claim by holding company, with a corporate parent, which employed a certified public accountant and was advised by Coopers & Lybrand and Prudential in relation to the transaction at issue); AHT Corp. v. Moses, 132 Fed. Appx. 17, 18 (2d Cir. 2005) (claim by corporate plaintiff).

reliance on FFD's misrepresentations. But Plaintiff's Motion does not seek to exclude such evidence. Plaintiff's Motion does not reflect any effort to prevent FFD from presenting evidence relating to Kinsey's education, business experience or job responsibilities during the time of the misrepresentations at issue, July and August 2001, relating to the stock option exercise period ending April 1, 2002. It is well settled that, in analyzing whether reliance on a misrepresentation is reasonable, "New York takes a contextual view, focusing on the level of sophistication of the parties, the relationship between them, and the information available **at the time of the operative decision**." JP Morgan Chase Bank v. Winnick, 350 F.Supp.2d 393, 406 (S.D.N.Y. 2004) (emphasis added). Plaintiff's Motion seeks to exclude irrelevant evidence, including an e-mail chain beginning on February 17, 2003 relating to Kinsey's Bluegreen employment. Kinsey's ability to exercise his stock options terminated on April 1, 2002. This evidence has no probative value tending to show whether Kinsey was a "sophisticated party" at the time of the misrepresentations at issue. Defendant presents no authority whatsoever to support the relevance of post-reliance evidence of sophistication. Its "sophisticated party" argument is no more than a smokescreen.

Defendant's desperate efforts to distort the record in opposition to Plaintiff's Motion does not alter this conclusion. As Defendant is well aware, "Kinsey's claim" -- actually, claims -- are not "wholly based on his reliance on a single representation allegedly made to him regarding the expiration date of certain options to acquire Cendant stock that had been awarded to him initially by Fairfield (the "Options")." (Def. Mem. pp. 1-2). Kinsey's claim is grounded on much more than one misrepresentation:

- The Court noted, in its September 9, 2008 Opinion, that "Cendant sent a notice to Kinsey informing him that his stock options would expire ninety days after" the acquisition by Cendant Corporation ("Cendant") of

3

- Fairfield Resorts, Inc. ("Fairfield"). (Opinion, p. 5. See also Pl. Mem. p. 3).

- In confirming in a July 3, 2001 e-mail that the Stock Options had not expired, Gregory Bendlin ("Bendlin"), FFD's Vice President, General Counsel and Secretary,[2] advised Kinsey that the stock option plan under which the Stock Options had been issued had been amended to provide that continued employment at FFD would count as continued employment under the option plan and the 90 day exercise period would not apply once the optionees were no longer FFD employees. (Opinion, p. 5. See also Pl. Mem. pp. 3-4).

- Bendlin "made no mention of [the] one-year period" that was applied to the stock options." (Opinion, p. 5. See also Pl. Mem. p. 4).

- Bendlin sent Kinsey and Brian Keller an e-mail, on or about August 13, 2001, re-transmitting the July 3, 2001 e-mail and advising Kinsey yet again that his Stock Options "had not expired because of the special provisions made for the Fairfield employees (Brian and Doug) who transferred to FFD." (Opinion, p. 6. See also Pl. Mem. p. 4).

- Kinsey also maintains, as the Court recognized, that "he received oral representations from Bendlin that the 10-year term applied." (Opinion, p. 7. See also Pl. Mem. at p. 5).

- Kinsey received and reviewed an August 14, 2001 e-mail from Bendlin to Geri Fitterman, Cendant's Stock Option Manager, requesting her to let him (Bendlin) "know whether 4/1/02 is the correct expiration date. Then, [Bendlin] can inform Brian and Doug so the matter can be put to rest." (Id.)

The Court's Opinion makes clear that, despite FFD's representation to the contrary, there is much more than "a single representation" at issue in this action.

Kinsey has demonstrated that the evidence at issue is not relevant. FFD has not presented any reasonable basis to support its relevance. For that reason alone, Plaintiff's Motion should be granted.

---

[2] Despite FFD's contention that Bendlin "was not responsible for, or familiar with, Fairfield's or Cendant's benefits packages or options," he was hardly just another FFD employee. Kinsey had every right to reasonably rely on the representations of FFD's Vice President, General Counsel and Secretary in relation to this question.

4

## III.

### THE EVIDENCE SOUGHT TO BE EXCLUDED IS UNFAIRLY PREJUDICIAL TO PLAINTIFF, REGARDLESS OF DEFENDANT'S STATED INTENTIONS REGARDING ITS PURPOSES

Even if the evidence of Kinsey's position and level of compensation at Bluegreen was relevant -- and it is not -- such evidence should still be excluded because the danger of unfair prejudice and jury confusion far outweighs any probative value of that evidence. FFD asserts two responses to Kinsey's demonstration of the prejudicial and confusing nature of this evidence. First, FFD represents that it "does not intend to use this evidence to appeal to some purported 'economic prejudice,' but instead to demonstrate Kinsey's degree of sophistication and thus the reasonableness of his reliance." (Def. Mem. p. 5). As demonstrated above, however, this supposed evidence of sophistication relates to a period long after the reliance at issue. FFD has the audacity to argue that:

> Kinsey should not be permitted to shield this evidence and portray himself as a neophyte led astray by FFD when, in reality, he is an extremely sophisticated businessman employed by a large corporation and compensated generously for his expertise. (Def. Mem. p. 5).

Kinsey was neither employed nor compensated by Bluegreen when he relied on FFD's misrepresentations. Thus, he is not trying to "shield" evidence that has any bearing on this action.

Second, FFD contends that "should the court perceive" the undeniable prejudice and confusion that would result from this evidence, "this easily could be remedied by any number of limiting safeguards." (Id. at p. 6). But these safeguards are designed to allow for the introduction of relevant evidence that is likely to result in unfair prejudice or confuse the jury. They are not intended to allow for the admission of prejudicial and confusing evidence with only

5

the slightest probative value. As FFD is well aware -- and is counting on -- a bell, once rung, cannot be unrung.

Defendant does nothing to challenge the proposition, asserted by Plaintiff, that courts in this Circuit readily grant motions in limine to prevent appeals to economic sympathies or prejudices when those dangers outweigh the relevance of the evidence. (See Def. Mem. p. 10 and cases cited therein). In those cases, the dangers of unfair prejudice and jury confusion did not outweigh the probative value of the evidence at issue. See Berman Enters. v. Local 333, 644 F.2d 930, 938 (2d Cir. 1981) ("the probative value of the evidence was not outweighed by unfair prejudice"); Bower v. Weisman, 674 F.Supp. 113, 118 (S.D.N.Y. 1987) ("[o]n balance, the relevance of the evidence outweighs the danger of unfair prejudice . . ."). Likewise, the District Court determined in United States v. Guttenberg, No. 07 CR 141 (DAB), 2007 WL 4115810, at *9 (S.D.N.Y. Nov. 14, 2007), that the motion in limine was based on "the mere speculation that such evidence could get introduced and exploited in a prejudicial manner," and denied the motion on that basis. No such speculation is necessary here. FFD has already made clear that it intends to use Kinsey's specific salary and compensation at Bluegreen, and other highly prejudicial information in connection therewith, at trial.

Defendant recognizes that the cases cited by Plaintiff "involved improper attempts by a plaintiff to impermissibly use evidence that served no purpose other than to exact sympathy from the jury." (Def. Mem. p. 5, n.3). FFD does not contend that the law leaves defendants free to use such evidence. For the reasons stated above, the evidence sought to be excluded serves no purpose other than the attempt to extract the opposite reaction from the jury, economic prejudice against a plaintiff. Kinsey respectfully requests that the Court prevent FFD from misusing the evidence in question in this manner.

6

## IV.

## CONCLUSION

For the reasons set forth herein, and in his moving papers, Plaintiff Douglas Kinsey respectfully requests that Defendant be precluded from introducing evidence regarding Kinsey's compensation in relation to his post-Fairfield employment with Bluegreen.

Dated: November 10, 2008  
New York, New York

Respectfully submitted,

**CROWELL & MORING LLP**

By: _____*s/ Ira M. Saxe*_____  
  Ira M. Saxe (IS 6051)

Jeffrey W. Pagano (JP 1408)  
153 E. 53rd St., 31st Floor  
New York, New York 10022  
(212) 223-4000  
(212) 223-4134 (fax)

Attorneys for Plaintiff Douglas Kinsey

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2008, I caused to be electronically filed the foregoing Plaintiff's Reply in Further Support of His Motion In Limine to Exclude Evidence utilizing the Court's CM/ECF system, which will automatically send notice of such filing to the following attorneys of record, and served this document as well by first class mail delivery to the undersigned attorneys of record:

>Samuel Kadet, Esq.
>Skadden, Arps, Slate, Meagher & Flom LLP
>Four Times Square
>New York, NY 10036


>_s/ Ira M. Saxe_
>Ira M. Saxe

NYIWDMS: 10705135_1

8